IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| BBOBBY KIRKENDOLL | § | |
| v. | § | CIVIL ACTION NO. 5:23cv142 |
| WARDEN, FCI-TEXARKANA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Bobby Kirkendoll, an inmate currently confined in the Federal Correctional Institution at Texarkana, filed this application for the writ of habeas corpus stating that he is seeking "statutory interpretation" of the Interstate Agreement on Detainers. The petition was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

**I. Background**

Petitioner says that he was involved in state criminal proceedings in Louisiana when the federal government submitted an arrest warrant on July 24, 2019, along with a writ of habeas corpus ad prosequendum. Because the federal government is the gaining state, Petitioner asserts that the government is bound by the Interstate Agreement on Detainers (IAD).

Petitioner states that he never requested final disposition, and so the IAD creates an agreement by three parties - the gaining entity, the losing entity, and the accused. Under the IAD, Petitioner contends that because he had ongoing criminal proceedings with the State of Louisiana, the federal government could not convict him of federal offenses before the state concluded or dismissed its proceedings against him. Consequently, Petitioner asserts that the State of Louisiana, being the sending state, lacked authority to transfer jurisdiction to the federal government, and the federal government lacked authority to begin criminal proceedings against him.

## II. Discussion

The Interstate Agreement on Detainers is an agreement between forty-eight States, the Federal Government, and the District of Columbia which creates uniform procedures for lodging and executing a detainer. *Alabama v. Bozeman*, 533 U.S. 146, 148 (2001). However, Louisiana is one of the two states which is not a party to the IAD. *Spratt v. Vannoy*, civil action no. 19-9115, 2021 WL 2722603 (E.D.La., June 4, 2021) (citing *Birdwell v. Skeen*, 983 F.2d 1332, 1335 (5th Cir. 1993)). As a result, the provisions of the IAD do not apply to the United States in its dealings with Louisiana. *U.S. v. Williams*, crim. no. 05-30014-01, 2008 U.S. Dist. LEXIS 106868, 2008 WL 5532099 (W.D.La., December 4, 2008), *Report adopted at* 2009 WL 750273 (W.D.La., January 20, 2009) (citing *Robinson v. United States*, 580 F.2d 783, 784 (5th Cir. 1978)); *Dickerson v. State of Louisiana*, 816 F.2d 220, 222 n.1 (5th Cir. 1987). Because Petitioner's petition alleges a violation of the Interstate Agreement on Detainers involving the State of Louisiana, which is not a party to the Agreement, his claims are without merit. *Williams*, 2008 U.S. Dist. LEXIS 106868 at *14; *Nealy v. Vasquez*, civil action no. 15-0004, 2015 U.S. App. LEXIS 87471 (W.D.La., April 2, 2015), *Report adopted at* 2015 U.S. Dist. LEXIS 88026, 2015 WL 4092877 (W.D.La., July 6, 2015) (because Louisiana has not adopted the IAD, the habeas petitioner could not assert a statutory violation).

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is

found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 26th day of February, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE