IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| BOBBY KIRKENDOLL, | § § § § § | |
| Petitioner, | § | |
| v. | § § | CASE NO. 5:23-CV-142-RWS-JBB |
| WARDEN, FCI-TEXARKANA, | § § § | |
| Respondent. | § § | |

## ORDER

Before the Court is Petitioner Bobby Kirkendoll's writ of habeas corpus under 28 U.S.C. § 2241. Docket No. 1 at 1. Petitioner, proceeding *pro se*, seeks "statutory interpretation" of "whether the Interstate Agreement on Detainers (IAD), 18 U.S.C. App. 2 § 2, is an agreement between three parties (the state, the federal government, and the accused)," and "whether Article V of this provision was violated where [he] was deemed to remain in custody and subject to the jurisdiction of the sending state[.]" *Id*. The case was referred to United States Magistrate Judge J. Boone Baxter pursuant to 28 U.S.C. § 636(b)(1).

Petitioner explains that he was in the custody of the State of Louisiana pending state charges when, on July 29, 2019, the federal government filed a petition for writ of habeas corpus *ad prosequendum* requesting Petitioner be transferred to and remain in federal custody until the disposition of the case. *Id.* However, Petitioner argues that under Article V(g) of the Interstate Agreement on Detainers ("IAD"), the federal government could not take custody of him until he was actually serving a state sentence or the state charges were dismissed. *Id.* at 2–3. Consequently, he contends that the State of Louisiana lacked authority to transfer jurisdiction over him to the federal government, and the federal government lacked authority to begin any criminal proceedings against him. *See id.* Petitioner further maintains that:

> Therefore, the Interstate Agreement on Detainers Act was violated by presuming that Petitioner had committed an offense in both jurisdictions, violating Petitioner's presumption of innocence which also denied Petitioner's right to due process, and the opportunity to have a trial in the State of Louisiana or come to an agreement via a plea deal for potentially the same charges he would have faced in the federal government (at this time neither party can assume that the charges by definition would have been the same in both jurisdictions or different). Additionally, the violation of the IAD violated Petitioner's presumption of innocence and due process by the federal government forcing jurisdiction away from the State against the Agreement in the IAD, Article V(g).

*Id.* at 3.

After reviewing the pleadings, the Magistrate Judge issued a Report recommending that the petition for habeas corpus relief be dismissed. *See* Docket No. 3. The Magistrate Judge observed that the "Interstate Agreement on Detainers is an agreement between [48] states, the Federal Government, and the District of Columbia creating uniform procedures for lodging and executing a detainer." *Id.* at 2. The State of Louisiana, however, is one of the two states which are not parties to the Agreement. *Id.* (citing *Birdwell v. Skeen*, 983 F.2d 1332, 1335 (5th Cir. 1993)). As a result, the Magistrate Judge determined that "the provisions of the IAD do not apply to the United States in its dealings with Louisiana." *Id.* (citing *United States v. Williams*, No. 05-30014-01, 2008 WL 5532099, at *5 (W.D. La. Dec. 4, 2008), *report and recommendation adopted* at 2009 WL 750273 (W.D. La. Jan. 20, 2009)).

Petitioner filed objections and attempted to distinguish the case law cited by the Magistrate Judge. *See generally* Docket No. 4. For example, Petitioner attempts to distinguish *Nealy v. Vasquez* by stating the petitioner in that case was serving a federal sentence while Petitioner was not serving a sentence when his jurisdiction was transferred. No.15-0004, 2015 WL 4092877, at *2–3 (W.D. La. July 6, 2015). In *Nealy*, however, the Western District of Louisiana concluded that because Louisiana had not joined the IAD, the habeas petitioner could not assert a statutory violation and thus failed to set out a basis for habeas corpus relief. *Id.* at 2. In similar fashion, the Magistrate Judge in the present

case determined that Petitioner had not set out a basis for habeas corpus relief and recommended that the petition be dismissed.

Petitioner also contends that other cases cited by the Magistrate Judge involve Article IV of the IAD, while his case involves Article V. Docket No. 4 at 2–3. Petitioner argues that this distinction is critical because the language of Article IV indicates that the terms of the Agreement are only operative in transactions between party states, while Article V(g) does not contain the language "party state." *Id.* at 3. Petitioner therefore concludes that Article V(g) applies to *all* states, whether parties to the IAD or not, if the prisoner is not serving a sentence at the time the detainer is lodged.[1] Petitioner, however, presents no authority supporting the proposition that Article V(g) of the IAD is applicable to Louisiana despite Louisiana's failure to join in the agreement, based solely on the omission of the phrase "party state" from Article V(g). The IAD is a single instrument, to which Louisiana is not a party, and there is no legal basis for concluding that Article V(g) of an agreement which the State of Louisiana has not joined is nonetheless applicable to Louisiana simply because the phrase "party state" does not appear in that subsection.

Indeed, the IAD specifies that the Agreement was enacted into law and "entered into by the United States on its own behalf and on behalf of the District of Columbia, with all jurisdictions legally joining in substantially the following form" (i.e., the articles of the Agreement, which were then set out). Interstate Agreement on Detainers, Pub. L. No. 91-538, 84 Stat. 1397 (1970). But the State of Louisiana did *not* legally join the IAD and therefore no portion of the IAD is applicable to Louisiana. *Nealy*, 2015 WL 4092877, at *2–3 ("Louisiana has never adopted the [IAD], and thus petitioner

---

[1] Article V(g) of the IAD provides that "for all purposes other than that for which temporary custody as provided in this agreement is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending State and any escape from temporary custody may be dealt with in the same manner as an escape from the original place of imprisonment or in any other manner permitted by law." 84 Stat. at 1401. While the phrase "party state" does not appear in Article V(g), it does appear elsewhere in Article V. *See generally id.* at 1400–01.

cannot assert a statutory violation."). Accordingly, Petitioner has failed to present any valid basis for habeas corpus relief.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (The district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct, and the Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that the Petitioner's objections (Docket No. 4) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 3) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 10th day of April, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE